IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 7, 2004 Session

# MICHAEL R. MITCHELL v. WILLIAM H. HENEGAR, D/B/A HENEGAR REALTY COMPANY; AND GENEVA BROWN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF FRED BROWN

Direct Appeal from the Chancery Court for Anderson County
No. PPCH0652     Hon. William E. Lantrip, Judge

No. E2003-01885-COA-R3-CV - FILED AUGUST 26, 2004

Plaintiff sought rescission of a purchase of real property, and damages pursuant to the Consumer Protection Act. The Trial Court held plaintiff failed to carry his burden of proof on the issues presented. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Sandra G. Olive, Knoxville, Tennessee, for Appellant.

Dail R. Cantrell, Clinton, Tennessee, for Appellee.

## OPINION

In this action, plaintiff sued William Henegar, d/b/a Henegar Realty Company, and Geneva Brown, individually and as personal representative of the Estate of Fred Brown, seeking rescission of the sale of real estate, recovery of property taxes paid, attorneys' fees and triple damages, on the grounds that Henegar made material misrepresentations about the property prior to the sale and defendants were guilty of violating the Tennessee Consumer Protection Act.

Following an evidentiary hearing, the Trial Court found that plaintiff failed to show

a violation of the Tennessee Consumer Protection Act by Henegar, and that Henegar reasonably relied upon a survey for the representations made to plaintiff at the time of sale. The Court further found that evidence did not establish that the survey was inaccurate, as no other survey was offered. Further, the Court ruled plaintiff had the burden of proving that he received something materially different from what he bargained for, and since the plaintiff walked the boundaries and checked the corners prior to sale, and since the sale was in gross, the Court could not find that the plaintiff received less than he bargained for, and dismissed the action.

Plaintiff has raised these issues on appeal:

1.      Did the Trial Court err in holding that the plaintiff failed to prove a violation of the Consumer Protection Act by Henegar?

2.      Did the Trial Court err in holding that plaintiff failed to carry his burden of proof that he was entitled to rescission and recover damages?

Defendants raised the issue of whether defendants were entitled to damages for frivolous appeal pursuant to Tenn. Code Ann. §27-1-122?

Plaintiff argues that the Trial Court erred in holding that there was no violation of the Consumer Protection Act by Henegar, and insists that he proved that negligent misrepresentations were made by Henegar. There is no question that negligent misrepresentations can be actionable under the Consumer Protection Act. *See Smith v. Scott Lewis Chevrolet, Inc.,* 843 S.W.2d 9 (Tenn. Ct. App. 1992); *Sherrard v. Dickson*, 1997 WL 585746 (Tenn. Ct. App. Sept. 23, 1997). Whether plaintiff actually proved  such misrepresentations were made by Henegar, however, is the determinative issue.

Plaintiff testified that he saw the property advertised in the Thrifty Nickel, and that the ad stated the property had 12.79 acres. Plaintiff met with Henegar at the property and they walked the boundary and tried to find the stakes, which were difficult  to locate. Plaintiff testified that  Henegar told him there was a water line that ran up to the edge of the property, and  Plaintiff told Henegar that he wanted to pull a trailer in for his mother, and they discussed that there was a 25 foot opening. He also said that Henegar told him he would have no problem getting a building permit, and that he signed a contract to buy the property for $20,000.00. He further testified that he received a copy of the survey furnished by defendants, and he received a warranty deed from the Browns on November 28, 1994.

Plaintiff offered his tax receipts beginning in 1995 which reflected that the property was 8 acres. He testified that he applied for a building permit in the year 2000, but his application was turned down, and he then contacted Henegar and Henegar told him that he thought he could still get a building permit.

On cross examination, plaintiff testified he did not look at the survey until six or

seven years after he had purchased the property, and did not rely on the survey at the time of purchase. He admitted that the survey showed the right of way to the property to be 20 feet wide and conceded that the sales contract recited that he inspected the property and provided he did not rely upon any representations made by the agent. He admitted the sales contract made no warranties about the property, and that he accepted the property "as-is". He further admitted that he had an offer to purchase the property for $22,000.00, conditioned on getting a building permit. He further testified that he never applied for a building permit until he had an offer from someone to purchase the property.

The Trial Court found that no misrepresentations were made, and stated "I think the evidence is clear that [Henegar] relied on a survey done by a licensed surveyor that is reasonable". The Court went on to state that he could not find that the survey was inaccurate, or that there was not 12.79 acres in the tract. In order to establish negligent misrepresentation, the plaintiff was required to prove that false information was given. *Atkins v. Kirkpatrick*, 823 S.W.2d 547 (Tenn. Ct. App. 1991).

Plaintiff insists that Henegar negligently misrepresented the amount of acreage, the existence of the "public" road, etc., based upon the survey which plaintiff contends was erroneous. As the Trial Court found, however, plaintiff did not prove that the survey was erroneous. Plaintiff proved the deed and the survey differed, but there was evidence that the deed might need to be corrected to comply with the survey. He simply presented no proof that the survey was erroneous.

Similarly, plaintiff proved that the road marked as a "public" road on the survey was not a "county" road maintained by Anderson County, but did not prove that it was not "public" (in the sense that many people used it.) Plaintiff contends that he was misled by Henegar telling him the road was "public" and that he could get a building permit based upon having frontage on the road. Henegar testified that he believed that plaintiff could get a variance, based on the fact that he had an easement to the public road, and said he so advised the plaintiff. Plaintiff failed to prove that these representations were false. In fact, the building commissioner testified that the property did not have to abut a county road if there was an easement to the county road. Plaintiff did present evidence that he was denied a variance, but there was also evidence that this denial was without prejudice, and that plaintiff could get the deed corrected to properly record his easement and reapply.

Plaintiff also argues that Henegar misled him by telling him there was a water line close to the property, and that the entrance access to the property was 25 feet wide instead of 20 feet wide. Henegar disputed plaintiff's testimony, and stated that he told plaintiff that the trailers/houses on the main road likely had a water line that plaintiff could gain access to, and that he and the plaintiff found the pins and measured the access to only be 20 feet wide. Henegar also stated that he never told plaintiff or anyone that the water line ran close to the property. The trial court obviously credited Henegar's version of the conversation. We defer to the Trial Court's judgment on the issue of credibility. *See Massengale v. Massengale*, 915 S.W.2d 818 (Tenn. Ct. App. 1995). Given the Trial Court's finding that Henegar's testimony was credible, the plaintiff simply failed to prove negligent misrepresentation or a violation of the Consumer Protection Act, since there was no

unfair or deceptive conduct by Henegar.  Tenn. Code Ann. §47-18-101 *et seq.*

Finally, plaintiff argues that he did not receive what he bargained for, and that he would be entitled to rescind the sale and receive damages, in any event.  Plaintiff bases this argument on the same facts heretofore discussed, i.e., the acreage, road status, access width, and water line proximity were misrepresented to him. For all of the foregoing reasons, however, plaintiff simply failed to prove the falsity of the representations he contends he relied upon.

Plaintiff admits that the survey could have used the word "public" in a generic sense, but states that Henegar should have "checked this out".  Plaintiff was equally able to verify this information.  While plaintiff laments the fact that he has so far been unable to obtain a building permit, he never applied for one until several years after he purchased the property, and has not exhausted all avenues with regard to obtaining a permit.

Plaintiff walked the boundaries of the property with Henegar, made an offer to purchase, and executed a sales contract which he admitted he read and understood.  The contract states that plaintiff purchased the property "as is", did not rely on any representations made by the agent, and made his own inspection of the property.  Unlike the *Sherrard* case cited by plaintiff, this contract contains no misrepresentations about the condition of the property. Moreover, plaintiff cannot avoid the provisions of the sales contract, which he testified he understood and willingly signed.  *See Atkins v. Kirkpatrick*, 823 S.W.2d 547 (Tenn. Ct. App. 1991).

The Trial Court properly found that this was a sale in gross, and that plaintiff got what he inspected and bargained.  Accordingly, plaintiff has no valid claim, and we affirm the Trial Court's dismissal of the action.  *See Smith v. Grizzard*, 259 S.W. 537 (Tenn. 1924).

Finally, defendants claim plaintiff should be held liable for damages for a frivolous appeal pursuant to Tenn. Code Ann. §27-1-122.  As we have explained "an appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success."  *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001).  Moreover, the statute "must be interpreted and applied strictly so as not to discourage legitimate appeals."  *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977) (discussing the predecessor of Tenn. Code Ann. § 27-1-122).  The appeal does not appear to be so devoid of merit that sanctions are warranted.

We affirm the Judgment of the Trial Court, tax the cost of the appeal to Michael Mitchell, and remand.
.

_____
HERSCHEL PICKENS FRANKS, P.J.

-4-